UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § § § | |
| **v.** | § § | **CRIM NO. SA-20-CR-0032-XR** |
| **CHRISTOPHER FILLINE,** | § § § | |
| **Defendant.** | § | |

**ORDER**

In this case the Defendant, Christopher Filline, was charged with one count of conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349.

Filline was the chief of Police in Castroville, Texas. The Government alleged that in July 2016, Filline conspired with Ambrose Rymers ("Rymers") and Oscar Hernandez ("Hernandez")[1] to destroy Filline's 2007 Lincoln Navigator and Filline then filed a claim with the Farmers Insurance Group claiming that the vehicle had been stolen. Filline thereafter received $14,388.25 from the Farmers Insurance Group.

A jury trial was held from October 8, 2024, through October 11, 2024. The jury found the Defendant guilty.

The Defendant now files a post-verdict motion for judgment of acquittal under Fed. R. Crim. P. 29(c)(1), or alternatively for dismissal. The Defendant argues: (1) there was insufficient proof of an agreement to commit wire fraud, and (2) the conspiracy to commit wire fraud under 18 U.S.C. § 1349 is void for vagueness as applied to him.

---

[1] Both Rymers and Hernandez pled guilty to conspiracy to commit wire fraud.

1

## TESTIMONY AND EVIDENCE AT TRIAL

The jury heard the testimony of Aaron Wood, a claims investigator for Farmers. He testified that the Defendant completed a proof of loss form and submitted his insurance claim. In that claim, the Defendant marked the condition of the vehicle as "good." The jury, on the other hand, heard testimony that the Defendant was having significant problems with the vehicle—which was his wife's favorite—that would be costly to repair.

The jury further heard testimony and received evidence that the Defendant informed Farmers Insurance Group in the proof of loss form as follows: "Parked the vehicle [at my residence] at approximately 9:30 p.m. and removed moving boxes from rear. I placed the vehicle keys on my key hooks inside and locked the doors. I closed the garage door. Next morning, I noticed my garage door open and checked garage. I did not notice vehicle missing until Sunday."

The jury then heard testimony that the vehicle was located completely burned in a rural area of Bexar County, Texas, with wheel rims not removed and other valuable items not taken (air bags, transmission, etc.).

Mr. Woods testified that he canvassed the Defendant's neighbors, but no one noticed any unusual activity the day the car was supposedly taken from the Defendant's home. The jury was informed that the Defendant stated he had his marked police vehicle parked at his residence the night of the vehicle loss. Mr. Woods took photos of the home and driveway, wherein the jury could assess for itself the Defendant's claim that he did not notice the vehicle missing for two days. The jury also heard testimony that the Defendant delayed reporting the vehicle stolen or missing for

another day[2], after allegedly verifying that his son did not possess the car. The jury also heard that the Defendant gave conflicting statements to the claims investigator as to when he discovered that the vehicle was missing (Saturday or Sunday). The jury heard further evidence that the Defendant had been in financial difficulty due to health issues suffered by the Defendant's spouse, and they were behind on mortgage payments and owed various medical bills.

The jury also heard from Rymers, an employee of the Floresville Animal Care Services and a licensed peace officer. Rymers testified that the defendant often complained at work about his finances and the condition of the 2007 Lincoln Navigator. Rymers testified that the defendant asked him to find one of his "criminal relatives" to get rid of the Navigator. He also testified that he checked to see whether the defendant was serious, and the defendant replied that he was. Rymers then recruited Hernandez to help him dispose of the Navigator for the defendant.

The jury further heard a tape recording of Rymers and the defendant, where Rymers informed the defendant that he had received a subpoena from the Bexar County Fire Marshal investigating the Lincoln Navigator. On at least two instances, the Defendant is heard asking, among other statements: "Do they think they have something?"

## STANDARD OF REVIEW

The evidence sustains a jury verdict of guilty if, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *See United States v. Greenlaw*, 84 F.4th 325, 338 (5th Cir. 2023).

---

[2] He reported the loss to the Lytle, Texas Police Department on Monday, July 18, 2016, at 4:45 p.m., and claimed the theft had taken place between Friday, July 15, 2016, at 11:00 p.m. through Saturday, July 16 at 7:00 a.m. *See* Govt. Ex. 1.

"Criminal conspiracies can be established on circumstantial evidence alone.  Indeed, a jury can infer from the surrounding circumstances whether a defendant participated in and knew of the conspiracy.  'What people do is ... evidence of what lies in their mind.'  The central feature of a conspiracy is the agreement, but it doesn't need to be formal or even spoken.  It can 'be inferred from concert of action.'"  *United States v. Sanders*, 952 F.3d 263, 273–74 (5th Cir. 2020).

**ANALYSIS**

I.   **Insufficient Proof of an Agreement to Commit Wire Fraud Claim**

There was ample evidence for the jury to conclude that there was a conspiracy between the defendant and Rymers to destroy the Lincoln Navigator, which would allow the Defendant to then file an insurance claim and collect the proceeds.  The jury could easily have chosen to disbelieve the Defendant's theory that someone stole the vehicle from his home, which had a police vehicle parked outside.  Photos showed that the property and driveway were such that one could easily ascertain that your wife's favorite vehicle was not there for two days and discredited the theory that the car was taken from that location.  The jury could have also credited the Government's evidence that the Defendant was in debt and the vehicle was posing a further financial strain on the defendant.  The jury believed the testimony that the Defendant had parked the vehicle near the police station on the day in question, coordinated with Rymers about leaving the key in the vehicle, which allowed Rymers and Hernandez to drive the vehicle away to the location where it was burned.  Testimony indicated that it was unusual for a car to be stolen and burned without first taking some car parts that could later be fenced.  Rymers proved to be a very believable witness and remorseful, and the jury chose to believe his testimony that the Defendant asked him to help get rid of the vehicle.

Essentially, the Defendant is now arguing that even if he and Rymers agreed to destroy the vehicle, there was no agreement to commit wire fraud because Rymers did not agree to commit each element of wire fraud. But "the government need not prove that [Rymers] knew all of the details or participated in every aspect of the conspiracy." *United States v. Sosa*, 777 F.3d 1279, 1290 (11th Cir. 2015) (citation and internal quotation marks omitted). Rather, the government must only prove that Rymers knew the essential nature of the conspiracy. *See United States v. Clay*, 618 F.3d 946, 951 (8th Cir. 2010). It was sufficient for the Government to prove that Rymers knew that he was assisting the Defendant financially by disposing of the vehicle, even though Rymers may not have known the details about how the Defendant planned to go about seeking compensation for the burnt vehicle. Likewise, if the Defendant is arguing that he did not know all the details about how the vehicle would be disposed of, that argument is likewise unavailing.

## II.   Vagueness Challenge

The Defendant's argument for statutory vagueness relies on an argument that the conviction for conspiracy under 18 U.S.C. § 1349 lacked evidence to support a finding that two people (the defendant and Rymers) shared a specific intent to defraud. As stated above, the Court rejects this argument.

The government established a conspiracy by proving that (1) Filline and Rymers agreed to commit an unlawful act, and (2) Filline knowingly and intentionally joined in the agreement. The underlying wire fraud required the Government to prove: (1) Filline participated in a scheme to defraud; (2) Filline intended to defraud; and (3) a use of an interstate wire in furtherance of the fraudulent scheme—submission by Filline of the proof of loss to another state via the internet. The statutes were not vague. See *United States v. Pacilio*, 85 F.4th 450, 460 (7th Cir. 2023), *cert. denied*, 144 S. Ct. 1033, 218 L. Ed. 2d 188 (2024); *United States v. Borges*, No. 1:20-CR-77, 2023

WL 4205385, at *2 (S.D. Ohio June 27, 2023) ("[D]efendant bears the burden of establishing that the statute is vague as applied to his particular case, not merely that the statute could be construed as vague in some hypothetical situation."); *United States v. Sarfo*, No. 2:23-CR-00132-AGP-EJY, 2024 WL 3707931, at *5 (D. Nev. May 20, 2024), *report and recommendation adopted*, No. 2:23-CR-00132-APG-EJY, 2024 WL 3706720 (D. Nev. Aug. 6, 2024) ("The Court finds there is nothing vague about the wire fraud statutory prohibitions when applied to the conduct at issue in this case. Defendants made representations in their loan applications and promissory note regarding how the money they sought through PPP and EIDL would be used. Defendants received the loans based on those representations. Defendants are alleged to have used the loan proceeds for personal gain, not for the business purposes they stated.").

## CONCLUSION

Defendant's Motion for Acquittal or, alternatively, Dismissal for Vagueness as Applied to Christopher Filline (ECF No. 186) is **DENIED**.

**IT IS SO ORDERED**.

**SIGNED** this 4th day of November, 2024.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE