IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | * |
| PLAINTIFF, | * |
| | * CAUSE NO. SA-20-CR-032-XR |
| v. | * |
| | * |
| CHRISTOPHER FILLINE (1), | * |
| DEFENDANT. | * |
| | * |

**GOVERNMENT'S MOTION FOR UPWARD DEPARTURE**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the United States of America, by and through the United States Attorney in and for the Western District of Texas, and the below signed Assistant United States Attorney assigned to this case, and, pursuant to Title 18 United States Code §3553(b), files this Motion for Upward departure in the sentencing of this case and would show the Court as follows:

I.
**BACKGROUND**

On January 22, 2020, Defendant was indicted in a one count indictment charging him and another individual with conspiracy to commit wire fraud in violation of Title 18 United States Code §1349 between June 1, 2016, and December 31, 2016. The defendant Filline was found guilty of the charge on October 11, 2024, following a three-day trial. He is currently pending sentencing in this case. The statutory range of punishment for this offense is up to twenty (20) years confinement. The Probation Officer assigned to this case has calculated his guideline range as 7 with a Criminal History Category of I, giving defendant Filline a guideline range of

1

punishment of from 0 to 6 months. The Probation Officer did not note any grounds for departure from the guideline recommendation in her presentence report.

Evidence adduced at trial established that defendant Filline was the Chief of the Castroville Police Department throughout the period of the offense and throughout the bulk of the period of the investigation. While Chief of Police, he recruited another member of the police department, Ambrose Rymers, to assist him in "getting rid of" Filline's 2007 Lincoln Navigator. Rymers then recruited his relative, Oscar Hernandez, to assist in destroying the vehicle. Filline reported the vehicle stolen to the Lytle Police Department the following Monday on July 18, 2016. When making the false report of a vehicle theft, defendant Filline was wearing a polo shirt with his name and title embroidered on the front of the shirt. Filline was known by the officers of the Lytle Police Department to be the Chief of Police for Castroville, Texas, and dealt directly with the Lytle Chief of Police. He identified himself as a chief of police throughout the Farmers Insurance claim process and throughout the investigation conducted by the Bexar County Fire Marshal's Office. The processing of the Farmers Insurance claim resulted in defendant Filline receiving the sum of $14,388.25 in settlement which allowed him to pay off the lien on the vehicle.

Subsequently, in November of 2018, defendant Filline, while working in the Castroville Police office, learned over the radio of the traffic stop of co-defendant Oscar Hernandez. He responded to the scene of the traffic stop and used his position as the Chief of Police to talk to Hernandez. Later, during a conversation with Ambrose Rymers when he was informed that Rymers had been questioned by a Medina County District Attorney's investigator and the Bexar

County Fire Marshal investigator, h suggested that perhaps he should call over to those agencies and complain that he wasn't informed about the questioning and detention of his personnel.

## II.
## BASIS FOR UPWARD DEPARTURE

The Government urges this Court to consider an upward departure from the guideline range and consider imposing confinement on this defendant for a period of twelve (12) months. The Government believes that such a departure is appropriate based on defendant Filline's status as the Chief of Police during the course of the offense. Such an upward departure is appropriate considering the Title 18 United States Code §3553(a) factors, particularly the need to consider the characteristics of the defendant (§3553(a)(1)) and the need for the sentence imposed to promote respect for the law (§3553(a)(2)(A)). §3553(b) authorizes the Court to depart from the sentencing guideline when "the court finds that there exists an aggravating of mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines". While there is significant guidance on adjustments and commentary associated with Sentencing Guideline 2B1.1, there is nothing to indicate that the Sentencing Commission considered status as a law enforcement officer and specifically as a Chief of Police in formulating the guideline adjustments. Such incidents are probably rare. Defendant Filline used his status as the Chief of Police to recruit other members into the conspiracy. He used the aura of his office to cloak himself in the additional credibility of a significant law enforcement officer to assist in the processing of his insurance claim. He also used his position as police chief to help him manage the criminal investigation by allowing him to become aware of information relating to the investigation and to actions involving his co-conspirators that he would otherwise not be privilege to. Finally, it is important to consider the

additional adverse impact on a community when its chief law enforcement officer, who should have a special awareness of the seriousness of the offense, flaunts the law and commits a serious felony offense. It generates a disrespect both for the law and for all law enforcement officers trying to enforce the law. An enhanced punishment that involves confinement is one clear way to partially restore respect for the law.

The Fifth Circuit has considered and approved the use of law enforcement status as a basis for upward departure. See *United States v. Wade*, 931 F.2d 300 (5th Cir. 1991) (involving an upward departure in a conviction for conspiracy to manufacture and distribute methamphetamine) and *United States v. Pridgen*, 898 F.2d 1003 (5th Cir. 1990) (involving an upward departure in a conviction for bank robbery).

### III.
### CONSULTATION

The below-signed as consulted with Molly Roth, attorney for the defendant in this case, and she advises that she opposes the motion.

### IV.
### CONCLUSION

For the reasons set out above, the Government requests that the Court upwardly depart from the sentencing guidelines as calculated in this case and sentence the defendant Christopher Filline to a period of confinement of twelve (12) months.

    Respectfully submitted,

    JAIME ESPARZA
    United States Attorney

By: /s/ Gregory J. Surovic
    GREGORY J. SUROVIC
    Assistant United States Attorney
    TX Bar No. 19518500
    601 N.W. Loop 410, Suite 600
    San Antonio, Texas 78216
    (210)384-7025
    Fax:(210)384-7028

**CERTIFICATE OF SERVICE**

    I hereby certify that on the 8th day of January 2025, a true and correct copy of the foregoing instrument was electronically filed with the Clerk of the Court using the CM/ECF System which will transmit notification of such filing to the following CM/ECF participants:

Molly Roth, attorney for Christopher Filline


    /s/Gregory J. Surovic_____
    Assistant United States Attorney

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | * |
| **PLAINTIFF,** | * |
| | * **CAUSE NO. SA-20-CR-032-XR** |
| **v.** | * |
| | * |
| **CHRISTOPHER FILLINE (1),** | * |
| **DEFENDANT.** | * |
| | * |

## ORDER

On this day came on to be considered the United States' Motion for Upward Departure. After due consideration, and, having considered same, the Court advises the parties that it (will/will not) consider the possibility of imposing a punishment above the calculated sentencing guidelines in this case.

**SO ORDERED** on this _____ day of _____ 2025.


XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE